UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG VANVLEET ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-05443 |
| ) | |
| v. ) | |
| ) | |
| ERA TRANSPORT, INC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

# COMPLAINT

**NOW COMES** Plaintiff, Craig Vanvleet ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against ERA Transport, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Cook County whose address is 7001 W 60th Street, Suite A, Chicago, Illinois 60638.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff applied for the position of Driver at ERA Transport in December 2022.

12. Plaintiff is "qualified individual" as defined under the ADA.

13. Plaintiff has a physical disability regarding his foot. This impairment substantially limits major life activities, such as walking.

14. During Plaintiff's interview process, Plaintiff disclosed his disability to Defendant.

15. Furthermore, Plaintiff passed the required medical tests and was informed he was set to be brought on as a driver.

16. Plaintiff is able to perform all duties of the position, with or without reasonable accommodation.

17. In fact, Plaintiff had been employed as a driver for a different company for a year prior to his seeking employment with Defendant.

18. Plaintiff also obtained medical clearance from his doctor to work as a Driver.

19. Despite being qualified for the position, having worked at the position, having passed all medical checks, and having obtained clearance from his doctor, Defendant did not hire Plaintiff.

20. Defendant explicitly stated that the reason they did not hire Plaintiff was they did not feel comfortable allowing Plaintiff to work due to his disability.

21. Moreover, Defendant never engaged in the interactive process to determine whether Plaintiff could be reasonably accommodated.

## COUNT I
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

24. Plaintiff met or exceeded Defendant's qualifications.

25. Plaintiff was treated less favorably than similarly situated employees amd prospective employees outside of Plaintiff's protected class.

26. Defendant failed to hire Plaintiff on the basis of Plaintiff's disability.

27. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

28. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

29. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

30. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

31. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

33. Plaintiff is a qualified individual with a disability.

34. Defendant was aware of the disability and the need for accommodations.

35. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

36. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

37. Defendant did not accommodate Plaintiff's disability.

38. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of August, 2023.

          */s/ Alexander J. Taylor, Esq.*
          **ALEXANDER J. TAYLOR, ESQ.**
          **SULAIMAN LAW GROUP LTD.**
          2500 S. Highland Avenue, Suite 200
          Lombard, Illinois 60148
          Phone (331) 272 - 1942
          Fax (630) 575 - 8188
          ataylor@sulaimanlaw.com
          *Attorney for Plaintiff*